

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-07-292-CR

RODERICK JERMAINE JONES         APPELLANT

V.

THE STATE OF TEXAS            STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

After Appellant Roderick Jermaine Jones pled true to several allegations in the State's petition to adjudicate and presented other evidence in a "true-but" hearing, the trial court adjudicated him guilty of aggravated assault with a deadly weapon and sentenced him to five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Even though his sentence is well within the range of punishment for this second degree

---

[1] *See* TEX. R. APP. P. 47.4.

offense,[2] Appellant contends in his sole point that his sentence is excessive and disproportionate to the crime for which he was convicted.

Appellant has presented nothing to show comparative sentences for aggravated assault with a deadly weapon offenses or to show why his sentence is disproportionate to the sentences of others convicted of the same or similar offenses.[3]  Appellant contends that the trial court found little or nothing mitigating in the evidence he introduced at the hearing, but the sentence of five years would seem to belie this contention.

Based on all the evidence, we cannot say that Appellant's sentence is disproportionate or that it amounts to cruel and unusual punishment.  We therefore overrule his sole point and affirm the trial court's judgment.

PER CURIAM

PANEL F:   DAUPHINOT, LIVINGSTON, and HOLMAN, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

---

[2] *See* TEX. PENAL CODE ANN. § 12.33(a) (Vernon 2003) (providing range of confinement for second degree felony is two to twenty years), § 22.02(b) (Vernon Supp. 2007) (providing aggravated assault with a deadly weapon is second degree felony).

[3] *See Moore v. State*, 54 S.W.3d 529, 541–42 (Tex. App.—Fort Worth 2001, pet. ref'd).

2

DELIVERED:  March 27, 2008